**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| VICTOR REESE, individually and on behalf of others similarly situated, | ) ) **CLASS ACTION COMPLAINT** ) |
| Plaintiff | ) **FLSA COLLECTIVE ACTION** ) **COMPLAINT UNDER** |
| vs. | ) **29 USC § 216(b)** ) |
| PUCKS EXPRESS, LLC, | ) **CASE NO.** 1:20-cv-2610 ) |
| Defendant | ) |

***PLAINTIFF'S COMBINED CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES***

*I.  INTRODUCTION*

Plaintiff Victor Reese ("Reese") brings this combined class action and FLSA collective action lawsuit against Defendant Pucks Express, LLC ("Pucks") to address class-wide wage and hour and overtime violations committed by Pucks against him and his fellow delivery driver employees.  Reese will serve as the representative plaintiff in the Rule 23 class action and FLSA collective action.

Specifically, Pucks has been systematically underpaying wages and overtime wages to Reese and similarly situated delivery drivers in several ways.  First, Pucks pays its delivery drivers at an hourly rate of pay, but Pucks has been substantially underpaying wages to drivers by failing to pay on a continuous workday basis.  Pucks is not paying drivers from the moment of their first principal work activities - typically arrival at the yard and the starting and inspection of a truck at the beginning of the day - through the last principal work activity of the day - typically the return of the truck and final cleaning of the truck at the end of the work day.

1

Instead, Pucks is underpaying Reese and other drivers by several hours of work time each week.

Second, Pucks is and has been underpaying overtime compensation to its hourly-paid drivers on a systematic, class-wide basis as a result of an unlawful practice by which Pucks is failing to include all of its employees' earned wages in its calculation of employees' regular rates of pay and, in so doing, is failing to include all earned wages in its calculation of its employees' overtime rate of pay. To provide an example from Reese, Pucks pays Reese at a rate of $17.50 per hour, however, it treats Reese's base rate of pay as $17.00 per hour and his corresponding overtime rate of pay as $25.50 per hour, and it pays a $0.50 per hour amount as some type of a bonus or separate pay for each hour and does not include this $0.50 per hour in Reese's regular rate or in his overtime rate of pay.

Third, Pucks is making Reese and his fellow delivery drivers pay Pucks' business expenses out of their own pockets, particularly those related to truck maintenance. This results in illegal "kickbacks" that violate the FLSA and cause overtime violations. Pucks is and has been requiring and/or failing to reimburse Reese and his fellow drivers for out of pocket payments for maintenance of Pucks' own trucks. These kickback payments included out of pocket payments for oil, for radiator fluid, windshield washer fluid, for tire repair and for air in tires. These unreimbursed kickbacks violate the FLSA's "free and clear, no kickback rule" when the payments cut into an employee's receipt of overtime wages and/or a minimum wage. 29 CFR § 531.35. While it is unclear how frequently the kickbacks cause minimum wage violations, the kickbacks definitely caused overtime violations in every week Reese and his fellow drivers made a kickback payment and also worked overtime hours.

Reese's class action and FLSA collective action claims based upon Pucks' class-wide

failure to pay employees' based upon a continuous workday, systematic failure to include all earned wages in the calculation of regular rates of pay and overtime rates of pay, and FLSA kickback violations will all be perfect for class and/or collective action treatment and will be easy to prove. Many of Pucks' wage and hour violations will be will be shown on the face of pay stubs Pucks issues to its employees and on Pucks' time clock records of employee work.

## II.  FACTUAL ALLEGATIONS

1. Reese is a resident of the State of Indiana and is domiciled in Indianapolis, Marion County, Indiana.

2. Puck Express, LLC ("Puck") is a service that delivers packages for Amazon. Reese worked for Pucks from its Greenwood, Johnson County, Indiana yard.

3. Reese was hired by Pucks in March 2020 to work for it as a delivery driver. Reese and his coworkers all drive smaller vehicles that weigh less than 10,000 pounds. Reese delivered packages to Amazon customers in the Central Indiana area.

4. At all times during his employment with Pucks, Reese has been paid wages on an hourly basis and treated as a non-exempt employee.

5. As described above, Pucks is and has been underpaying overtime compensation to its hourly-paid drivers on a systematic, class-wide basis as a result of an unlawful practice by which Pucks is failing to include all of its employees' earned wages in its calculation of employees' regular rates of pay and, in so doing, is failing to include all earned wages in its calculation of its employees' overtime rate of pay. To provide an example from Reese, Pucks pays Reese at a rate of $17.50 per hour, however, it treats Reese's base rate of pay as $17.00 per hour and his corresponding overtime rate of pay as $25.50 per hour, and it pays a $0.50 per hour

amount as some type of a bonus or separate pay for each hour and does not include this $0.50 per hour in Reese's regular rate or in his overtime rate of pay. Additionally, Pucks is paying wages in categories it calls "bonus" and "safety bonus" which Pucks is failing to include in its calculation of Reese's regular rate or in his overtime rate of pay.

6. The $0.50 per hour pay, the "Bonus" pay and the "Safety Bonus" category of pay was earned by Reese based upon his hours of work and the work he actually performed. The $0.50 per hour, the "Bonus" and the "Safety Bonus" was regularly and routinely earned and paid. These categories of wages were in no way gratuitous or discretionary. In all weeks in which Reese worked overtime hours (hours in excess of forty hours in a seven day work week) and also earned wages in one or more of the $0.50 per hour, the "Bonus" and/or "Safety Bonus" categories, Pucks failed and refused to include the $0.50 per hour, the "Bonus" and/or the "Safety Bonus" wages in its calculation of Reese's regular rate of pay and, in so doing, violated the FLSA by failing to include Reese's full regular rate of pay in its calculation of Reese's overtime rate of pay and in its payment of Reese's fully earned overtime compensation.

7. During every pay period in which Reese worked and was owed overtime compensation, Pucks only paid Reese at an overtime rate equal to one and one-half times his $17.00 per hour base rate of pay.

8. Pucks is similarly underpaying overtime compensation to all of its similarly situated delivery driver employees by failing to pay overtime hours worked at full overtime rates of pay - one and one-half times the full regular rate of pay. Pucks is systematically committing this overtime violation by failing to include regularly paid, earned wages it is calling "Bonus," "Safety Bonus" and wages it pays separately at $0.50 per hour in the regular rate of pay and by

also failing to pay overtime hours of work at an overtime rate of pay at all.

9. Pucks has created a policy and practice whereby it significantly underpays delivery drivers overtime compensation by failing to properly include separate $0.50 per hour wages, "Bonus" and "Safety Bonus" wages and by failing to properly calculate overtime hours and overtime rates of pay required by the FLSA.

10. Based upon its long-standing policy and practice of improperly calculating overtime compensation, Pucks has been systematically underpaying its delivery drivers significant sums of overtime wages on a weekly. The aggregate sum of unpaid overtime for all delivery drivers is very substantial on a weekly and on an annual basis.

11. Based upon information and belief, particularly when including employee turnover, Reese estimates that Pucks applied its unlawful method of calculating and paying delivery drivers for overtime hours of work in a manner that affects 100 or more employees.

12. Pucks has intentionally, knowingly, with reckless disregard and systematically violated its delivery drivers' rights to earned overtime through Pucks' unlawful overtime calculation and payment policies.

13. Pucks is further creating wage and hour and overtime violations by failing to pay Reese and his similarly situated delivery drivers for all hours of work each week. Pucks pays its delivery drivers at an hourly rate of pay, but Pucks has been substantially underpaying wages to drivers by failing to pay on a continuous workday basis. Pucks is not paying drivers from the moment of their first principal work activities - typically arrival at the yard and the starting and inspection of a truck at the beginning of the day - through the last principal work activity of the day - typically the return of the truck and final cleaning of the truck at the end of the work day.

Instead, Pucks is underpaying Reese and other drivers by several hours of work time each week. Essentially, Pucks is not treating the start of Reese and other deliver drivers' work day until the scheduled time the drivers actually leave the yard to begin deliveries. This systematically creates significant unpaid wage and overtime violations each week, causing each driver to lose one or more hours per week in paid wages.

14. All of the time Pucks' drivers spend at work, from first to last principal activity of each day, is work time and must be compensated under the law.

15. Pursuant to its systematic, class-wide practice, Pucks is not compensating its hourly-paid delivery drivers for all work time at the beginning of each employee's shift and at the end of each employee's shift.

16. Pucks intentionally and knowingly violated Reese and all delivery drivers' rights to earned wages through Pucks' conscious and deliberate decision not to pay employees for all work time.

17. During many calendar weeks in 2020, Reese worked in excess of forty hours and was owed additional overtime compensation based upon Pucks' unlawful failure to pay Reese for all of his compensable work hours. In every work week, Reese and his fellow delivery drivers lost wages as a result of Pucks' failure to pay for all work hours. Moreover, in every work week involving more then forty hours of work, Reese and his fellow delivery drivers lost overtime wages as a result of Pucks' failure to pay for all work hours.

18. As described in the Introduction, Pucks is making Reese and his fellow delivery drivers pay Pucks' business expenses out of their own pockets, particularly those related to truck maintenance. This results in illegal "kickbacks" that violate the FLSA and cause overtime

violations.  Pucks is and has been requiring and/or failing to reimburse Reese and his fellow drivers for out of pocket payments for maintenance of Pucks' own trucks.  These kickback payments included out of pocket payments for oil, for radiator fluid, windshield washer fluid, for tire repair and for air in tires.  These unreimbursed kickbacks violate the FLSA's "free and clear, no kickback rule" when the payments cut into an employee's receipt of overtime wages and/or a minimum wage.  29 CFR § 531.35.  While it is unclear how frequently the kickbacks cause minimum wage violations, the kickbacks definitely caused overtime violations in every week Reese and his fellow drivers made a kickback payment and also worked overtime hours.

19. Reese and all similarly situated delivery drivers have been harmed by Pucks' illegal kickback policies and practices, all of which profited Pucks to the detriment and harm of Pucks' delivery drivers.  These illegal kickbacks are the product of a conscious policy decision.

20. Reese is expressly alleging that Pucks acted in bad faith in violating its delivery drivers' rights under the FLSA and the Indiana Wage Payment Statute, and that Pucks certainly did not seek to comply with the Indiana Wage Payment Statute in good faith.

21. By way of this Complaint, Reese seeks for himself and for all other similarly situated delivery driver employees all unpaid wages, all unpaid overtime, all illegal kickbacks that impaired wages, all available statutory damages, including all liquidated damages, and payment of his reasonable attorneys' fees, costs and expenses.

### III.  CLASS AND COLLECTIVE ACTION ALLEGATIONS

22. Reese incorporates herein by reference paragraphs 1 - 21 above.

23. Reese is pursuing claims individually, but this Complaint is brought also as a collective action and as a class action on behalf of other current and former Pucks employees

who were similarly denied payment of wages and overtime compensation under Pucks compensation scheme that involved regular rate violations, unlawful wage deductions and the failure to pay for all work time from the first principal activity each day through the last principal activity.

24. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Reese and all Pucks current and former delivery driver employees who were damaged by Pucks' compensation system which required and resulted in uncompensated work, kickbacks and overtime violations. By virtue of the "collective action," Reese represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstances. Reese anticipates that other Pucks employees and former employees will opt in to the action.

25. With respect to FRCP 23(b)(3) class action claims under the Indiana Wage Payment Statute, Reese will serve as class representative over a proposed class. The class will be as follows:

> Reese will serve as class representative for the class-wide claims brought under the Indiana Wage Payment Statute. This Court has supplemental jurisdiction over Reese's Indiana statutory wage claims. This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Reese and on behalf of all eligible Pucks current and former delivery driver employees (who voluntarily resigned) who work or worked for the company and were damaged by Pucks' compensation system which required and resulted in uncompensated work performed by hourly-paid employees. By virtue of the class action, Reese represents the identical and/or similar interests of former and current coworkers denied wages under the same circumstances.

26. Based upon information and belief, the number of potential class members is believed to be more than one hundred individuals, however, the actual number of Pucks' current and former employees who will be members of this collective action/class action is so great

(numerosity) that joinder of all members is impractical.  Instead, Reese will pursue discovery to obtain the names of the other current and former Pucks employees, to provide notice of the collective action, and to offer the opt in opportunity, and to provide notice of the class action and to offer the opt out opportunity.

27.     Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

28.     Reese's claims are typical of the claims of the whole collective group of current and former Pucks hourly-paid delivery driver employees harmed by Pucks' illegal wage practices.  Reese's claims are typical of the claims of the whole class of current and former Pucks hourly-paid delivery driver employees harmed by Pucks' illegal wage practices.

29.     Reese will act to fairly and adequately protect the interests of the entire collective group of current and former Pucks employees.  Reese will act to fairly and adequately protect the interests of the entire Rule 23 class of current and former Pucks employees.

30.     A "combined"[1] collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against Pucks.  For example, to prove Pucks' illegal wage practices, Reese and other members of this collective group/class would seek in discovery records about all similarly situated current and former Pucks delivery driver employees who were similarly denied earned wages and overtime compensation under Pucks' compensation system which required unlawful wage deductions and also resulted in uncompensated work and underpayment of overtime wages.  Individual lawsuits by the members of the collective group/class could lead to 1) inconsistent or varying outcomes in the cases, 2)

---

[1] See *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-974 (7th Cir. 2011)

duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

31. A determination regarding the "similarness" of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA and Indiana statutory and contractual wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

32. A combined collective action/class action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

33. Because Pucks' compensation system which required and resulted in illegal wage deductions, uncompensated work and underpaid overtime wages to hourly-paid employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

### IV.  JURISDICTION AND VENUE

34. This Court has jurisdiction over Reese's FLSA claims under 28 USC § 1331 as those FLSA claims raise questions of federal law. See 29 USC § 201 et seq. The Court has supplemental jurisdiction over Reese's Indiana law claims, which have a common basis in fact

with his own and the other Plaintiff class members' FLSA claims.

35. This Court is the appropriate venue for this cause of action as Reese worked or works for Pucks at its Johnson County, Indiana facility and most of the illegal activity took place in the Southern District of Indiana. 28 USC § 1391.

## V.  STATEMENT OF CLAIMS

### A.  *Fair Labor Standards Act Claims Based Upon Regular Rate Violations*

36. Reese incorporates herein by reference paragraphs 1 through 35 above.

37. Pucks is an "enterprise" as that term is defined by the FLSA, and Pucks is covered by the overtime and minimum wage provisions of the FLSA. Pucks is an "employer," as that term is defined by the FLSA. Finally, Pucks is a "person" as that term is defined by the FLSA.

38. Pucks committed overtime violations under the FLSA against Reese and all similarly situated delivery drivers, as earned, regularly paid "Bonus," "Safety Bonus" and $0.50 per hour amounts should have been included in employees' regular rates of pay and included in any calculation of overtime compensation due to Reese and each and every similarly situated class member in each and every week in which both overtime compensation and such "Bonus," "Safety Bonus" and/or separate $0.50 per hour wages were owed.

39. Because it failed to include earned "Bonus," "Safety Bonus" and separate $0.50 per hour wages in its calculation of overtime compensation, Pucks failed to pay Reese and each and every similarly situated delivery driver at the full and correct overtime rate of pay, as required by the FLSA, in any and all calendar weeks in which Reese and every similarly situated delivery driver worked in excess of forty (40) hours.

40. Additionally, Pucks has repeatedly violated the FLSA's overtime provisions by failing to pay Reese and each similarly situated delivery driver at overtime rates of pay for every overtime hour worked.

41. Pucks' failure to comply with the FLSA's provisions regarding overtime compensation has been willful and without justification, and subjects Pucks to a three year statute of limitations.

42. Reese and the Plaintiff Class seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Pucks' violations of their rights under the Fair Labor Standards Act.

### B. Fair Labor Standards Act Claims Based Upon Unpaid Hours of Work and Illegal Kickbacks

43. Reese incorporates herein by reference paragraphs 1 through 42 above.

44. Pucks is an "enterprise" as that term is defined by the FLSA, and Pucks is covered by the overtime and minimum wage provisions of the FLSA. Pucks is an "employer," as that term is defined by the FLSA. Finally, Pucks is a "person" as that term is defined by the FLSA.

45. Pucks violated Reese's rights and the rights of all members of the Plaintiff Class to be properly paid overtime wages in a manner required by the FLSA. Pucks has committed overtime violations by failing to pay Reese and his similarly situated coworkers for all overtime hours of work, particularly as Pucks was suffering and permitting delivery drivers to make wage kickbacks during weeks in which overtime was worked and Pucks significantly underpaid overtime wages based upon its unlawful failure to pay for all work hours from a first principal

activity to a last principal activity each work day.

46. Pucks has repeatedly violated the FLSA's overtime provisions by not paying Reese and members of the Plaintiff Class at the required overtime compensation rate for all hours worked over 40 in a work week.

47. Pucks' failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification, and subjects Pucks to a three year statute of limitations.

48. Reese and the Plaintiff Class seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Pucks' violations of their rights under the Fair Labor Standards Act.

### C. Indiana Wage Payment Statute Claims

49. Reese incorporates herein by reference paragraphs 1 through 48 above.

50. Reese has a statutory wage claim arising under the Indiana Wage Payment Statute, I.C. 22-2-5 and he is the named Plaintiff who represents the same or similar interests of all current Pucks hourly-paid delivery driver employees and all of Pucks' former hourly-paid delivery driver employees who voluntarily resigned from employment.

51. By way of this Claim, Reese is seeking, individually and on behalf of members of the Plaintiff Class of current and former Pucks delivery driver employees (who voluntarily resigned from employment), all available damages, including all unpaid wages, all underpaid wages, all unlawfully deducted wages, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which Reese and his fellow Plaintiff Class

members may be entitled pursuant to law. Pursuant to I.C. 22-2-5-2, Reese is seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, underpaid wages, illegally deducted wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses. Reese further expressly asserts and alleges that Pucks acted in bad faith, and certainly was not acting or seeking to comply with the Indiana Wage Payment Statute in "good faith," when it intentionally created a wage scheme that did not compensate delivery drivers for all work hours from a first principal activity until a last principal activity each work day, all of which resulted in underpaid wages on a class-wide basis.

### *VI.  PRAYER FOR RELIEF*

WHEREFORE, Reese respectfully requests that the Court enter judgment against Pucks and issue all available relief to him and to all eligible members of the Plaintiff Class, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All damages available under the Indiana Wage Payment Statute, including all unpaid wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

3. All unpaid and underpaid wages;

4. All reasonable attorney's fees and expenses;

5. Costs;

6. Prejudgment interest, if available; and

7. Any and all other relief just and proper in the premises.

                Respectfully submitted,

                HASSLER KONDRAS MILLER LLP

                By/s/Robert P. Kondras, Jr.
                Robert P. Kondras, Jr.
                Attorney No. 18038-84
                100 Cherry Street
                Terre Haute, IN 47807
                (812) 232-9691
                Facsimile: (812) 234-2881
                kondras@hkmlawfirm.com

                WILLIAMSON CIVIL LAW, LLC

                Aaron J. Williamson
                Attorney No. 32803-49
                8888 Keystone Crossing
                Suite 1300
                Indianapolis, IN 46240
                (317) 434-0370
                Facsimile: (765) 204-7161
                aaron.williamson@wcivillaw.com